# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **GREGORY SCHOENINGER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:08-0981** |
| ) | |
| **T.R. CRAIG,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On August 11, 2008, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1).[1] Petitioner argues that he is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621 under which the BOP may allow the early release of inmates upon their successful completion of the residential drug abuse treatment program [RDAP]. (Id.) Petitioner acknowledges that he was convicted of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Milan, which is located in the Eastern District of Michigan. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

922(g). (Id., pp. 9 - 12.) Petitioner, however, argues that the BOP's enactment of 28 C.F.R. § 550.58 violates the Administrative Procedures Act.[2] (Id., pp. 3 - 5.) Petitioner contends that Section 550.58 categorically excludes prisoners convicted of being a felon in possession of a firearm. (Id.) Petitioner argues that the "rule is arbitrary and capricious." (Id.) Petitioner asserts that a "conviction of Title 18 U.S.C. § 922(g)(1) is a non-violent offense." (Id., p. 4.) Petitioner states "that in the Petitioner's convictions no threatened use or actual use of physical force was used against the person or property of another." (Id.) Accordingly, Petitioner requests that the Court invalidate 28 C.F.R. § 550.58, and "grant [him] eligibility for the reduction of time pursuant to 18 U.S.C. § 3621(e)." (Id., p. 6.)

In support, Petitioner attaches the following: (1) A copy of Petitioner's "Program Review Report" (Id., p. 8.); (2) A copy of "Defendant's Acknowledgment of Indictment" as filed in United States v. Schoeninger, Case No. 05-cr-80624 (E.D.Mich.) (Id., p. 9.) ; (3) A copy of Petitioner's "Residential Drug Abuse Program Notice to Inmate" (Id., p. 10.); (4) A copy of the "Statement of Reasons" as filed in United States v. Schoeninger, Case No. 05-cr-80624 (E.D.Mich.) (Id., p. 12.); and (5) A copy of Petitioner's letter to Regional Director Kim White dated March 12, 2008, requesting relief and stating that he has "no time to file an Administrative Remedy"[3] (Id., p. 13.).

---

[2] 28 C.F.R. § 550.58(a)(1)(vi)(B) provides that "[i]nmates whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm" are ineligible for early release consideration.

[3] In his letter to Regional Director White, Petitioner cites *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) as support for his claim. The undersigned finds *Arrington* is inapposite and notes that District Courts within this Circuit have found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md. 2008); *also see Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively"); *Johnson v. Ziegler*, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that *Arrington*

## DISCUSSION

1. **Petitioner's Provisional Eligibility for Early Release Under Section 3621(e).**

Petitioner asserts that he is qualified to participate in the RDAP, but the BOP determined that Petitioner was provisionally ineligible for early release based upon his conviction of being a felon in possession of a firearm.

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

> **(2) Incentive for prisoner's successful completion of treatment program. - -**
>
> **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
> **(B) Period of custody.** – The period a prisoner convicted of a nonviolent

---

was unpersuasive and declined to follow its holding); and *Hicks v. Federal Bureau of Prisons*, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), *aff'd*, 358 Fed.Appx. 393 (4th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2010 WL 1990779 (2010).

>offense remains in custody after successfully completing a treatment program may
>be reduced by the Bureau of Prisons, but such reduction may not be more than one
>year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. See 28 C.F.R. § 550.58.[4] Title 28 C.F.R. § 550.58 provides in part that "[i]nmates whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm" are ineligible for early release consideration. 28 C.F.R. § 550.58(a)(1)(vi)(B).[5] Accordingly, 28 C.F.R. § 550.58 precludes any inmate convicted of being a

---

[4] Effective March 16, 2009, 28 C.F.R. § 550.58 was modified slightly and redesigned as 28 C.F.R. § 550.55. The undersigned notes that new regulation is essentially identical to the former version, but contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. The Court, however, will examine Petitioner's claim under the former regulation as the claim arose under the former regulation.

[5] Title 28 C.F.R. § 550.58 sets forth in part, the following eligibility requirements:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.
    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
        (i) INS detainees;
        (ii) Pretrial inmates;
        (iii) Contractual boarders (for example, D.C., State, or military inmates);
        (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

Although Petitioner contends that the BOP did not have authority to classify his conviction as a "crime of violence" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define " a nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.58, as applied through Program Statement 5162.04, represents a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A.,

---

> (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
> (vi) Inmates whose current offense is a felony:
> > (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
> > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
> > (C) That by its nature or conduct presents a serious potential risk of physical force against the person or property of another, or
> > (D) That by its nature or conduct involves sexual abuse offenses committed upon children.
> > \* \* \*
> (3) An inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if:
> > (i) The inmate completes all applicable transitional services program in a community-based program (i.e., in a Community Corrections Center or on home confinement); and
> > (ii) Since completion of the program, the inmate has not been found to have committed a level 100 prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs.

Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Id. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation contained in an opinion letter, the Supreme Court stated:

6

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v. Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as expressed in 28 C.F.R. § 550.58 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statement 5162.04, however, is not subject to the APA and therefore, is entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.04 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . . *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned

must determine under the second step of the Chevron analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who conviction involves the possession of a firearm should not be rewarded with a one year early release. See P.S. 5162.04. The Fourth Circuit has specifically addressed this issue finding that the BOP "acted permissibly and reasonably in applying 18 U.S.C. § 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms . . . [b]ecause possessing a firearm adds an aspect of violence to otherwise nonviolence conduct by posing a risk of danger to others." Pelissero v. Thomas, 170 F.3d 442, 447 (4th Cir. 1999). The undersigned, therefore, finds that the BOP's interpretation of Section 3621(e) is reasonable and permissible. Accordingly, Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed.[6]

**2.     No Liberty Interest in RDAP Placement or to Early Release:**

Petitioner appears to allege that his constitutional rights were violated because he was entitled to participate in RDAP and received a reduced sentence for his participation in the program. The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. See

---

[6] Furthermore, it appears that Petitioner failed to properly exhaust his administrative remedies. In his letter dated March 12, 2008, approximately five months prior to the filing of his Petition, Petitioner acknowledged that he had not exhausted his administrative remedies. Specifically, Petitioner stated "I have no time to file an Administrative Remedy due to the fact that said procedure can take up to six to nine months." (Document No. 1, p. 13.)

U.S. Const. amend. V. In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, petitioner must first demonstrate that he had a protected liberty interest. The fact of conviction and imprisonment implies the inmate's transfer of his liberty to prison officials, who in their broad discretion, administer her sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation

9

to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez, 531 U.S. at 232, 121 S.Ct. at 718. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[7] See Lopez, 531 U.S. at 240, 121 S.Ct. at 721(Affirming

---

[7] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in

11

early release.[8] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[8] Even if an inmate completes the RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 28, 2011.

R. Clarke VanDervort
United States Magistrate Judge